## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRESTON H. AVERY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-3461 |
| | : | |
| CHRISTOPHER VAUGN, *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

**HODGE, J.**                                                                  **JULY  22, 2026**

Pro se  Plaintiff Preston H. Avery brings this civil action pursuant to 42 U.S.C. § 1983, on behalf of himself and his minor child, against Christopher Vaughn,[1] ten unnamed police officers, and West Caln Township. He also seeks leave to proceed *in forma pauperis* (ECF No. 1), the appointment of counsel for his child (ECF No. 3), and has filed a Motion to Compel seeking discovery materials from the Defendants (ECF No. 4). For the following reasons, the Court will grant Avery leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915, with leave to amend. The Motion for Appointment of Counsel and Motion to Compel will both be denied as premature.

### I.      FACTUAL ALLEGATIONS[2]

Avery alleges that on July 5, 2025, he was "subjected to an unlawful stop, detention, and arrest by" Officer Vaughn and several other officers while his minor daughter was seated in his

---

[1] The Complaint refers to this Defendant variously as "Christopher Vaugn" and "Christopher Vaughn." (*See* ECF No. 2 ("Compl.")) The Court will use the latter spelling for consistency.
[2] The facts set forth in this Memorandum are taken from Avery's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

car. (Compl. at 2.) He asserts that "[n]o valid warrant was presented at the time of arrest [and] [t]here was no probable cause to justify the arrest."[3] (*Id.*) Nevertheless, the officers took Avery into custody, while his minor daughter was detained at the scene for approximately four hours. (*Id.* at 2–3.) During that time, Avery asserts his daughter "was exposed to a traumatic law enforcement event [and] was left in a vulnerable and distressed condition." (*Id.* at 3.) As a result, she "experienced emotional trauma, including nightmares and ongoing fear of police." (*Id.*) Avery asserts that "[n]o charges were ultimately sustained, and the proceedings were terminated in [his] favor." (*Id.*) He alleges that as a result of the incident, he and his daughter suffered "loss of liberty, emotional distress and trauma, psychological harm to a minor child, [and] reputational damage." (*Id.* at 4–5.) Based on these allegations, Avery asserts claims of false arrest and false imprisonment, "unlawful seizure of [a] minor," violation of due process, municipal liability, and intentional infliction of emotional distress. (*Id.* at 3–4.)

Avery also attaches to his Complaint a document titled "Master Litigation Timeline." Read liberally, the document attempts to assert in bullet point form several additional causes of action based on Avery's arrest and subsequent detention at Chester County Prison ("CCP"). (*See id.* at 6–10.) He asserts a deliberate medical indifference claim based on the allegation that he had "multiple prior neck surgeries, ongoing serious medical conditions, and known physical limitations," that he "reported [his] medical condition [and] required accommodation," but that jail staff "failed to accommodate [him and] ignored [his] medical needs."[4] (*Id.* at 6, 8.) He asserts

---

[3] The Court observes that, according to a Supplemental Security Income application Avery attaches to his Complaint, he has been legally blind since September 10, 2020. (ECF No. 2-1 at 2.) It is unclear from the Complaint how Avery was legally operating a motor vehicle.

[4] To the extent Avery uses the phrase "failed to accommodate" in an attempt to invoke the Americans with Disabilities Act ("ADA"), any such claim is entirely undeveloped and a passing reference to legal concepts are insufficient to bring a plausible claim before the Court. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("A passing reference to an

an excessive use of force claim based on the allegation that he "informed officers of [his] neck injuries [and] medical limitations" but that they "ignored warnings [and] applied rear handcuffs." (*Id*. at 7.) He also appears to allege a claim under Pennsylvania's Right to Know Law based on having submitted an information request on an unspecified date, which he alleges was "not properly produced" and was "possibly incomplete or redacted." (*Id*. at 9.) Avery also suggests in passing that he may have the basis for a malicious prosecution cause of action in light of his case being terminated, and alludes vaguely to "evidence irregularities" regarding "missing or incomplete records, improper redactions, failure to produce" and other issues. (*Id*. at 9–10.) It is unclear if Avery seeks to assert claims based on these comments. As relief for his claims, Avery seeks monetary damages, costs, and fees. (*Id*. at 5.)

## II.     STANDARD OF REVIEW

The Court will grant Avery leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court accepts the facts alleged in the pro se Complaint as true, draws all reasonable inferences in Avery's favor, and

---

issue will not suffice to bring that issue before this court." (citation modified) (quoting *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))).

3

asks only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Avery is proceeding pro se, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quoting *Mala*, 704 F.3d at 245). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations . . . this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every

name, date, and location of the incidents at issue." *Id.* at 93–94. The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

## III.   DISCUSSION

### A.   Claims on Behalf of Avery's Minor Daughter

Avery attempts to assert state and federal claims on behalf of his minor daughter. However, he lacks standing to bring claims on behalf of his minor child. "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotations omitted)). Courts have found specifically that parents lack standing to bring claims for their minor children. *See Chang v. Dep't of Servs. for Child., Youth, & their Fams.*, 790 F. App'x 435, 437–38 (3d Cir. 2019) (*per curiam*) (father lacked standing to address children's claims on appeal); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) ("Here, *pro se* Plaintiff does not have standing to assert any claims on behalf of her daughter."). Accordingly, any claims

5

asserted on behalf of Avery's daughter, including his claim for "unlawful seizure of a minor,"[5] cannot proceed and will be dismissed.

### B.      Federal Law Claims

Avery asserts multiple constitutional claims. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Halsey v. Pfeiffer*, 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983); *see also Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (explaining § 1983 "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." (quoting *Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979))). To state a claim under § 1983, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Karns v. Shanahan*, 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore,* 399 F.3d at 281); *see also Halsey*, 750 F.3d at 290 ("To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right . . . [and] that the person who has deprived him of that right acted under color of state or territorial law.'" (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980))).

### 1.      False Arrest and False Imprisonment

Avery alleges claims of false arrest and false imprisonment. "[F]alse arrest and false imprisonment claims are nearly identical causes of action that courts analyze together." *Covington v. Plymouth Twp. Police Dept.*, 779 F. Supp. 3d 509, 523 (E.D. Pa. 2025) (citing *Wilson v. Dewees*,

---

[5] The Court understands this to be a Fourth Amendment unreasonable search and seizure claim asserted on behalf of Avery's daughter.

977 F. Supp. 2d 449, 455 (E.D. Pa. 2013); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("False arrest and false imprisonment overlap; the former is a species of the latter."). Both claims arise under the Fourth Amendment. *DeLade v. Cargan*, 972 F.3d 207, 211 (3d Cir. 2020) ("[T]he Supreme Court has recognized the Fourth Amendment—and not the Due Process Clause of the Fourteenth Amendment—as the appropriate provision of the Constitution under which to analyze allegations of unlawful arrest and pretrial restraint." (citations omitted)); *see also Manuel v. City of Joliet*, 580 U.S. 357, 367 (2017) ("If the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment.").

The Fourth Amendment requires arrests, detentions, and prosecutions to be supported by probable cause. *Harvard v. Cesnalis*, 973 F.3d 190, 202–03 (3d Cir. 2020); *Covington*, 779 F. Supp. 3d at 523 ("To state these claims under Section 1983, a plaintiff must 'establish that: (1) there was an arrest; and (2) the arrest was made without probable cause.'" (quoting *Saintil v. Borough of Carteret*, No. 22-2898, 2024 WL 3565308, at *6 (3d Cir. July 29, 2024))); *see also Noviho v. Lancaster County*, 683 F. App'x 160, 164 (3d Cir. 2017) ("Fourth Amendment false imprisonment and false arrest claims rise and fall on whether probable cause existed for the arrest." (citation omitted)). "Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000). Courts "consider the existence of probable cause via a 'common sense approach' based on the totality of the circumstances, and viewed from the perspective of an objectively reasonable police officer." *Young v. City of Pittsburgh*, 562 F. App'x 135, 140 (3d Cir. 2014) (internal citation omitted). The standard is "not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v.*

7

*City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988). For false arrest claims involving multiple charges, establishing probable cause on one charge insulates the defendant from liability. *See Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 303 (3d Cir. 2024); *Bracken v. Twp. of Manor*, No. 23-1763, 2024 WL 4210535, at *3 n.5 (3d Cir. Sept. 17, 2024) (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 204 n.14 (3d Cir. 2008)).

"To properly analyze a claim asserting an illegal search and seizure under the Fourth Amendment, [the plaintiff] must plead the circumstances under which the search arose." *Medina v. Aprile*, No. 23-1057, 2023 WL 3440236, at *9 (E.D. Pa. May 12, 2023) (citation omitted); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"); *Jenkins v. City of Philadelphia*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment and malicious prosecution claims because plaintiff failed to assert a plausible claim of lack of probable cause where plaintiff, while alleging that he was twice arrested, did not have drugs in his possession, did not break the law and the police confiscated his property, "assert[ed] no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise").

Avery fails to plead plausible Fourth Amendment false arrest and false imprisonment claims. He asserts that "[t]here was no probable cause to justify [his] arrest" and that he was "subjected to an unlawful stop, detention, and arrest" by Defendant Vaughn and other officers (Compl. at 2), but he does not plead the circumstances under which the search arose or any facts

8

suggesting that the officers lacked reasonable suspicion[6] to stop him or probable cause to arrest him.[7] Avery's false arrest and false imprisonment claims are therefore not plausible and will be dismissed.[8] *See Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false). However, the Court will grant Avery leave to amend if he can allege additional facts to state a plausible claim.

### 2. Excessive Use of Force

The Court understands Avery to allege an excessive use of force claim based on the actions of unspecified police officers. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*,

---

[6] An initial traffic stop is judged by the lower "reasonable suspicion" standard, in which "the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot[.]" *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citation and internal quotation marks omitted); *see also United States v. Cortez*, 449 U.S. 411, 417 (1981) ("An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity").

[7] Avery alleges that "[n]o charges were ultimately sustained, and the proceedings were terminated in Plaintiff's favor." (Compl. at 3.) The assertion that Avery was ultimately not convicted of a crime, however, does not by itself plausibly allege a false arrest claim against the defendant officers. *See Pierson v. Ray*, 386 U.S. 547, 555 (1967) ("Under the prevailing view in this country a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved.").

[8] While somewhat ambiguous, Avery also appears to assert a Fourteenth Amendment due process claim based on his alleged arrest without probable cause. (*See* Compl. at 4.) However, the United States Supreme Court has declined to recognize a substantive due process right to be free from arrest without probable cause, thus his claim is properly analyzed under the Fourth Amendment. *See Albright v. Oliver*, 510 U.S. 266, 270–71 (1994) (holding that "it is the Fourth Amendment, and not substantive due process, under which [such a] claim must be judged.").

490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test."). Objective reasonableness is evaluated "under the 'totality of the circumstances' and 'from the perspective of the officer at the time of the incident' without 'the benefit of hindsight.'" *Brown v. Upper Darby Police Dep't*, No. 20-1452, 2021 WL 2948833, at *3 (3d Cir. July 14, 2021) (*per curiam*) (quoting *Santini*, 795 F.3d at 417). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386).

Avery's Fourth Amendment excessive force claim is not plausible. His claim appears to be based on the allegation that he "informed officers of [his] neck injuries [and] medical limitations" but they nevertheless "applied rear handcuffs." (Compl. at 7.) In evaluating the use of handcuffs, the Court must "look at the intrusiveness of all aspects of the incident in the aggregate." *Baker v. Monroe Twp.*, 50 F.3d 1186, 1193 (3d Cir. 1995). In *Kopec v. Tate*, 361 F.3d 772, 777 (3d Cir. 2004), the Third Circuit held that applying handcuffs so tightly that the defendant began to faint from the pain and lost feeling in his hand, resulting in permanent nerve damage in his right wrist, warranted a finding of excessive force. *Id.* However, the court cautioned that the opinion should not be "overread" as it was not meant to open the "floodgates to a torrent of handcuff claims." *Id.* Here, Avery does not allege the circumstances surrounding the use of handcuffs, including the reasons for his arrest, what medical condition warranted an accommodation by the officers, how

10

long he was kept in handcuffs, or any pain or injury that he suffered from being placed in handcuffs. Absent any allegation that the handcuffing was excessive or unnecessary, Avery's Fourth Amendment claim is not plausible. *See Witman v. Correll*, No. 22-1060, 2022 WL 17823690, at *6 (M.D. Pa. Dec. 20, 2022) (explaining that "[i]n the context of handcuffing, '[e]xcessive force is not determined by injury alone. However, the unreasonableness of handcuffing requires some indication that it was done unnecessarily or excessively.'" (quoting *Graham-Smith v. Wilkes-Barre Police Dep't*, 739 F. App'x 727, 732 (3d Cir. 2018)). However, the Court will grant Avery leave to amend in the event he can allege additional facts to state a plausible claim to relief.

### 3. Deliberate Medical Indifference

Avery also appears to allege a claim of deliberate indifference to his serious medical needs. To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). As it appears that Avery was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard for claims related to a prisoner's medical needs is essentially the same under either the Eighth Amendment or Fourteenth Amendment for purposes of the analysis. *See Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019) (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581–82 (3d Cir. 2003); *Parkell v. Morgan*, 682 F. App'x 155, 159–60 (3d Cir. 2017) (*per curiam*).

A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

11

the inference." *Farmer*, 511 U.S. at 837. "A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a layperson would easily recognize the necessity for a doctor's attention." *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023) (citation modified). "A serious medical need exists where 'failure to treat can be expected to lead to substantial and unnecessary suffering.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)). Deliberate indifference is properly alleged "where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, [or] (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." *Montanez v. Price*, 154 F.4th 127, 141 (3d Cir. 2025), *cert. denied*, 2026 WL 1718015 (U.S. June 15, 2026) (citation omitted). This standard is met when a delay or denial of medical care is intended to inflict pain without medical justification or is based solely on a nonmedical reason without any effort to mitigate harm. *DiFraia v. Ransom*, 171 F.4th 622, 630 (3d Cir. 2026). "[P]rison officials may not 'deny reasonable requests for medical treatment . . . when such denial exposes the inmate to undue suffering or the threat of tangible residual injury.'" *Durham v. Kelley*, 82 F.4th 217, 230 (3d Cir. 2023) (quoting *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017)).

Avery's allegations of deliberate indifference are not plausible. He asserts that he had "multiple prior neck surgeries, ongoing serious medical conditions, and known physical limitations," that he "reported [his] medical condition [and] required accommodation," but that jail staff "failed to accommodate [him and] ignored [his] medical needs." (Compl. at 6, 8.) Avery does not describe his medical condition, the accommodation he requested, or to whom he

12

communicated the information regarding his medical needs. His terse allegations, which describe the facts in only the vaguest terms, do not state a plausible claim. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555). Moreover, the mere allegation that Avery experienced an unspecified "medical condition" does not plausibly allege that he suffered a serious medical condition giving rise to a Fourteenth Amendment claim. *See, e.g.*, *Arsenault v. Camden Cnty. Corr. Facility*, No. 16-8211, 2018 WL 1509085, at \*5 (D.N.J. Mar. 27, 2018) (dismissing pretrial detainee's Fourteenth Amendment inadequate medical care claim where "the Complaint offers no facts demonstrating that [the plaintiff's medical needs] were of a nature and extent which satisfy the 'serious condition' prong of a Fourteenth Amendment claim" (citations omitted)). Avery's Fourteenth Amendment deliberate medical indifference claim will therefore be dismissed, with leave to amend.

### 4.    Municipal Liability

Avery asserts a municipal liability claim against West Caln Township (the "Township"). As an initial matter, a municipality is not vicariously liable under § 1983 for the actions of its employees. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (holding that local governments can be liable as "persons" under § 1983, but this liability extends only to "their *own* illegal acts" (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). Rather, to plead a § 1983 claim against a municipality or municipal entity, a plaintiff must allege that the municipality or municipal entity's policy or custom caused the violation of his constitutional rights. See *Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)). A plaintiff may also state a basis for municipal

13

liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* But "[i]t is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *Mulholland v. Gov't Cnty. of Berks*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (stating that if a municipal employee "inflicted no constitutional injury . . . , it is inconceivable that [the municipality] could be liable")). Because Avery has failed to plead any plausible underlying constitutional violation, any municipal liability claim against the Township is not plausible and will be dismissed.[9]

### C.    State Law Claims

Avery also asserts a claim of intentional infliction of emotional distress ("IIED") against unspecified Defendants and appears to allege a violation of Pennsylvania's Right to Know Law. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over these state law claims. Accordingly, the only

---

[9] Even if Avery's allegations had amounted to plausible constitutional violations, he has failed to plead facts to support any *Monell* claim against the Township. He does not identify any specific policy or custom that caused his alleged injuries, nor does he identify municipal failures amounting to deliberate indifference. He claims that the Township "maintained policies, customs, or failures in training and supervision that caused the constitutional violations." (Compl. at 4.) However, simply paraphrasing the standard for municipal liability does not support a plausible claim. *See Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*." (citing cases)).

independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met).

Avery does not allege the citizenship of the parties. Rather, he provides a Pennsylvania address for himself and names a Pennsylvania municipal entity as a Defendant, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, Avery has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Avery leave to proceed *in forma pauperis*, dismiss claims brought on behalf of his minor daughter without prejudice, and dismiss his own claims for failure to comply with Federal Rule of Civil Procedure 8 and failure state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). The Court will grant him leave to amend in the event he can cure the defects identified in his claims. The Motion for Appointment of Counsel and Motion to Compel will be denied as premature.[10] An appropriate Order follows, which provides additional information regarding amendment.

BY THE COURT:

**/s/ Hon. Kelley B. Hodge**

**KELLEY BRISBON HODGE, J.**

---

[10] Avery's Motion to Appoint Counsel (ECF No. 3) will be denied without prejudice to renewal after the Court conducts statutory screening of any amended complaint that he files. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (explaining that the "arguable merit" of a plaintiff's claims is the threshold consideration in appointment of counsel).

Avery's Motion to Compel the Defendants to "produce complete and unredacted versions of all records related to the July 5, 2025 incident" is premature as his case has not passed statutory screening, he has not completed service of process under Federal Rule of Civil Procedure 4, nor have any defendants yet appeared in this action. As Federal Rule of Civil Procedure 26(d)(1) makes clear, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." As the parties have not conferred and no exception listed above applies, Avery's motion is premature.